**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Olton Lee Dumas,

Civil No. 00-800 DSD/AJB

Petitioner,

v.

**ORDER ON MOTION FOR SUBSTITUTION, MOTION TO ENLARGE TIME TO RESPOND, AND MOTION FOR ORDER GRANTING THE WRIT**

Hoyt A. Brill,

Respondent.

This matter is before the Court on motion to substitute Jon E. Litscher, Secretary of the Wisconsin Department of Corrections, in place of Hoyt A. Brill, Warden at Prairie Lakes Correctional Facility, as respondent in this action. Petitioner opposes the motion to substitute respondent. Litscher's request for additional time in which to respond to the petition and petitioner's motion to grant to writ, based upon respondent's alleged failure to make a timely return, are also before the Court.

**IT IS HEREBY ORDERED THAT:**

1. Litscher's Motion to Substitute Respondent is **denied**. [Docket No. 10]. Petitioner's Motion in Opposition to Respondent Brill's "Consent for Substitution of Respondent" is **denied as moot** [Docket No. 5]. **It is Further Ordered** that Jon E. Litscher, Secretary of the Wisconsin Department of Corrections, and Hoyt Brill, Warden at Prairie Correctional Facility, shall be named as co-respondents in this matter. Michael D. Oeser, Wisconsin Assistant Attorney General, is designated counsel of record on behalf of respondent Litscher. All notices and pleadings shall be served upon both respondents.



FILED MAY 02 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Litscher has moved to substitute himself as the named respondent in this case in place of Hoyt Brill. Litscher is the Secretary of the Wisconsin Department of Corrections, and Brill is the Warden at Prairie Correctional Facility. Respondent Brill initially filed a "Consent for Substitution of Respondent." Petitioner responded with his Motion in Opposition to Respondent's "Consent for Substitution of Respondent," and the motion to substitute ensued.

Federal case law consistently indicates that the proper respondent in a habeas corpus proceeding normally will be the warden at the facility where the petitioner is confined. See McCoy v. U.S. Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976) ("[t]he custodian is, in most circumstances, the warden [or] chief administrative official of the correctional institution in which the petitioner is incarcerated"). Following that general rule here, the Court will not allow Jon E. Litscher to replace Hoyt Brill as the named Respondent. However, Litscher likely qualifies as petitioner's legal "custodian," and he has an interest in these proceedings, in light of the underlying basis for petitioner's incarceration being a State of Wisconsin conviction and sentence. Therefore, the Court will order that Litscher become an additional respondent in this case, and that henceforth Brill and Litscher shall appear as co-respondents. Petitioner's motion in opposition to consent to substitution is denied as moot because there is no substitution and the Court is not persuaded that Litscher should not be allowed to appear as a co-respondent.[1]

2. Respondent Litscher's Motion to Enlarge Time to Respond to Writ of Habeas Corpus is **granted** [Docket No. 11]. Respondents shall have until May 20, 2000, in which to submit written argument in opposition to the Petition Under 28 U.S.C. §2254 for Writ of Habeas

[1] As a practical matter, the Court notes that the legal analysis and final outcome of this case will not be determined or affected by who is named as respondent.

Corpus by a Person in State Custody. The return shall certify the true cause of petitioner's present detention and shall further show cause why the writ should not be granted. The return shall address all issues raised in the petition and shall be accompanied by additional argument and supporting materials as required pursuant to the Court's Order dated April 5, 2000.

3. Petitioner's Motion for an Order Granting the Writ of Habeas Corpus Without any Further Delay is **denied as moot** [Docket No. ___]. Petitioner's motion is essentially a request for default determination in his favor, based upon respondent Brill's failure to submit a timely return pursuant to the Court's Order dated April 5, 2000, or to seek additional time in which to file a return. In accordance with the Court's above-stated determination that Jon E. Litscher is a proper respondent in this matter, and that respondents shall have additional time in which to respond to the petition, the Court finds that petitioner's request for habeas corpus relief based upon default is moot. Respondent Litscher's motion to substitute and motion to enlarge time were filed with the Court within the time frame for response as contemplated in the Court's Order dated April 5, 2000.

Dated: 5/?/00

Arthur J. Boylan
United States Magistrate Judge